UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------x
                                        :
EMILIO ESPINAL,                         :
                                        :
                        Petitioner      :      08 Civ. 7029 (TPG)
                                        :      92 Cr. 338 (TPG)
            – against –                 :
                                        :          OPINION
UNITED STATES,                          :
                                        :
                        Respondent.     :
                                        :
---------------------------------------x
```

In this action, Emilio Espinal moves, pro se, to vacate, set aside, or
correct his sentence pursuant to 28 U.S.C. § 2255 and to reduce his
sentence pursuant to 18 U.S.C. § 3582.   Espinal claims that he is
entitled to relief under § 2255, because he received ineffective assistance
of counsel at the time of his plea agreement, at his sentencing, and after
his sentencing.  He also contends that his sentence should be reduced
under § 3582 based on recent amendments to the crack cocaine
sentencing guidelines.

The court denies these motions.

**BACKGROUND**

This account of the facts is taken from Espinal's motions and the
Government's response.

A) Facts

On April 9, 1992, New York City Police Department officers conducted a search of a residence in Manhattan.  During this search, the NYPD officers recovered various quantities of heroin, powder cocaine, and crack cocaine.  In addition, they recovered scales, drug paraphernalia, about $4500 in cash, and three firearms.  After conducting this search, Espinal and his co-conspirator were arrested.

On April 23, 1992, the Federal Government charged Espinal with (1) one count each of possessing with intent to distribute cocaine and heroin within 1,000 feet of a school zone, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860; and (2) three counts of using and carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  In May 1992, Espinal was released on bail. Thereafter, the Government issued a superseding indictment which added charges of (1) possessing with intent to distribute five grams or more of crack cocaine within 1,000 feet of a school zone, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 860; and (2) being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g).

On September 30, 1992, Espinal failed to appear for a scheduled court conference, and the court issued a warrant for his arrest.  On November 30, 1994, the Government indicted Espinal for failure to appear, in violation of 18 U.S.C. § 3146.

On July 12, 2006, Espinal was arrested on the above charges while attempting to illegally enter the United States in Arizona.  Subsequently, the Government issued a superseding information (the "narcotics information") in connection with the drug charges stemming from his 1992 arrest.  The narcotics information charged Espinal with (1) one count of distributing and possessing with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and (2) one count each of distributing and possessing with intent to distribute cocaine and heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

B) Procedural History

On December 28, 2006, Espinal entered a guilty plea pursuant to the narcotics information and the 1994 indictment for failure to appear. The plea agreement contained a series of stipulations that resulted in an offense level of 28 and a stipulated sentencing guidelines range of 78 to 97 months.  The plea agreement also provided that Count 1 of the narcotics information required a mandatory minimum term of 60 months' imprisonment.  In addition, the plea agreement contained the following appeal waiver provision:

> It is agreed (i) that the defendant will not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Guidelines Range set forth above (78 to 97 months) and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range (78 to 97 months).

At Espinal's plea hearing, the court asked him whether he was satisfied with his attorney, David E. Patton, and whether he understood his plea agreement, to which he responded affirmatively.  In addition, the court stated that Count 1 of the narcotics information carried "at least a mandatory minimum of five years' prison."  Further, the Government pointed out that the appeal waiver provision in Espinal's plea agreement required him to waive his right to appeal or collaterally attack a sentence within or below the stipulated guidelines range of 78 to 97 months.  The court asked Espinal if he understood this provision, and he responded affirmatively.

On February 6, 2008, the court sentenced Espinal to a term of imprisonment of 72 months.  This sentence comprised the mandatory minimum of 60 months on Count 1 of the narcotics information, plus 12 months on the 1994 indictment for failure to appear.  This sentence was six months below the stipulated guidelines range set forth in Espinal's plea agreement.

**THE PRESENT MOTIONS**

Espinal commenced the present action, pro se, on April 10, 2008. In his § 2255 motion, he seeks to vacate, set aside, or correct his sentence, arguing that he received ineffective assistance of counsel in violation of his right to counsel under the Sixth Amendment of the U.S. Constitution.  In particular, he claims that Patton's performance was ineffective before and during his guilty plea, because Patton did not

inform him of the consequences of pleading guilty.  He also argues that Patton was ineffective at sentencing, because Patton failed to advance several arguments that would have reduced his sentence.  Finally, Espinal argues that Patton was ineffective after sentencing, because Patton failed to file a notice of appeal.

In addition to his § 2255 motion, Espinal moves to reduce his sentence pursuant to 18 U.S.C. § 3582.   He argues that he is entitled to a reduction based on recent amendments to the crack cocaine sentencing guidelines.

The Government opposes these motions, arguing that Espinal's counsel was not ineffective and that the terms of his plea agreement bar his ineffective assistance claims concerning his sentencing.  The Government also contends that Espinal is not entitled to a sentence reduction, because he received his sentence pursuant to a statutory mandatory minimum.

## DISCUSSION

I.    <u>§ 2255 Motion</u>

The court will grant a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, only if (1) the petitioner's sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; or (3) the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.  <u>Gotti v. United States</u>, 622 F.

Supp. 2d 87, 91 (S.D.N.Y. 2009).  If a petitioner claims that he was deprived of his Sixth Amendment right to counsel due to ineffective assistance of counsel, the petitioner must show (1) that his counsel's performance was unreasonable under "prevailing professional norms," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," i.e., that the deficient performance prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687-88, 693-94 (1984).

Here, Espinal claims that he was deprived of his Sixth Amendment right to counsel, because Patton, his attorney, was ineffective before and during his plea hearing, at his sentencing, and after his sentencing.

Ineffective Assistance Before and During Plea Hearing

Espinal claims that Patton failed to ensure that Espinal understood the term of his plea agreement.  He also alleges that Patton failed to explain that the Government could seek to increase his offense level without considering recent amendments to the crack cocaine sentencing guidelines.

The Supreme Court has held that the Strickland standard applies to ineffective assistance claims asserted in connection with plea hearings.  See Hill v. Lockhart, 474 U.S. 52, 58 (1985).  However, in this context, the prejudice prong is not whether the outcome would have been different, but rather whether "there is a reasonable probability that but for counsel's errors, [the defendant] would not have pleaded guilty and

would have insisted on going to trial." Id. at 59.  In addition, statements made by a defendant during his guilty plea carry "such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made."  United States v. Juncal, 245 F.3d 166, 171 (2d Cir. 2001).

At Espinal's plea allocution, he indicated that he was satisfied with his attorney and that he understood the consequences of pleading guilty, including the mandatory minimum term of 60 months' imprisonment to which he was subject.  In addition, he acknowledged that he understood the plea agreement's terms.  In light of the clarity of this plea allocution and the presumption in favor of crediting his statements, Espinal has failed to demonstrate that he did not understand his plea agreement and that his plea was not knowing and voluntary.  See Juncal, 245 F.3d at 171.

In addition, Espinal cannot show that Patton's performance was deficient with regard to the amendments to the crack cocaine sentencing guidelines, because these amendments did not come into effect until more than one year after his guilty plea.  See U.S.S.G. § 2D1.1, app. 10(D).  Thus, Espinal has not demonstrated that Patton's performance fell below an objective standard of reasonableness with regard to his plea agreement.  See Strickland, 466 U.S. at 687-88.

A.    <u>Ineffective Assistance at Sentencing</u>

Espinal claims that he received ineffective assistance of counsel at sentencing, because Patton failed to make arguments that would have reduced his sentence.  In particular, he claims that Patton failed to highlight his status as a deportable alien.  The Government argues that Espinal's claim concerning his sentence is barred by his plea agreement, which contains a provision waiving the right to appeal or collaterally attack a sentence of 78 to 97 months or less.

It is well established that a petitioner "may not use a § 2255 motion to sidestep a plea agreement that stipulates a defendant will waive his right to appeal the merits of a sentence that falls within or below a stipulated range."  <u>Concepcion v. United States</u>, No. 97 Civ. 2961, 1997 WL 759431, at *2 (S.D.N.Y. Dec. 10, 1997).  Indeed, such a waiver creates a rebuttable presumption of enforceability that a defendant can only overcome by showing either that (1) the waiver was not knowing, voluntary, and competent; (2) the sentence imposed was based on impermissible factors, such as race; (3) the Government breached the plea agreement; or (4) the sentencing court failed to enunciate a rationale for the sentence.  <u>Santiago-Diaz v. United States</u>, 299 F. Supp. 2d 293, 297-98 (S.D.N.Y. 2004).

The waiver provision in Espinal's plea agreement provided that he would not appeal or collaterally attack a sentence falling within or below the stipulated range of 78 to 97 months' imprisonment, and he received

- 8 -

a sentence of 72 months' imprisonment.  Thus, under the terms of his plea agreement, Espinal has no right to collaterally attack his sentence with this § 2255 motion.

At his plea allocution, Espinal affirmed that he understood this waiver provision, thereby indicating that his waiver was knowing and voluntary.  See Santiago-Diaz v. United States, 299 F. Supp. 2d at 297-98.  In addition, Espinal has not asserted that his sentence was based on impermissible factors, that the Government breached the plea agreement, or that the sentencing court failed to enunciate a rationale for his sentence.  See id.  Under these circumstances, the court holds that it has no reason to question the validity of the waiver provision and that Patton's performance was not deficient at Espinal's sentencing.  See Concepcion, 1997 WL 759431, at *3.

B.     Ineffective Assistance for Failure to File Notice of Appeal

Espinal's last argument for ineffective assistance of counsel is that Patton failed to file a notice of appeal.  Although Espinal does not say so explicitly, he suggests that he had requested that Patton file this notice of appeal.

If a defendant requests that his lawyer file a notice of appeal, his lawyer must do so, even if the defendant has waived his right to appeal and the lawyer believes the appeal to be frivolous.  Campusano v. United States, 442 F.3d 770, 771-72 (2d Cir. 2006).  Subsequently, when a defendant moves for relief under § 2255 on the ground that his lawyer

failed to file a requested appeal, the district court must hold a hearing to determine whether the defendant did indeed request an appeal.  Id. at 776.  However, this hearing need not be a full hearing with live testimony.  Id.  Instead, district courts may decide such motions based on affidavits.  See, e.g., Delacruz v. United States, No. 06 Civ. 5666, 2006 WL 2129335, at *4 (S.D.N.Y. July 31, 2006).

Espinal suggests that he asked Patton to file an appeal, but Patton failed to do so.  In a sworn affidavit, however, Patton states that he discussed the appeal waiver at length with Espinal when Espinal was deciding whether to accept the Government's plea offer.  In addition, Patton states:

> After the sentencing, Mr. Espinal did not ask me to file a notice of appeal nor did I file one.  I have reviewed the file in this case and there is no indication that Mr. Espinal requested that I or anyone else in my office file a notice of appeal, nor am I aware of any correspondence from Mr. Espinal making such a request.

Under these circumstances, the court is able to make a finding regarding Espinal's factual assertion without a full hearing.  On the basis of the appeal waiver provision in Espinal's plea agreement, Espinal's sentencing to a mandatory minimum term of imprisonment on Count 1 of the narcotics indictment, and Patton's sworn affirmation that Espinal did not ask him to file an appeal, the court holds that Espinal has not shown that Patton's performance was deficient after his sentencing.  See Lopez v. United States, 03 Cr. 317, 2006 WL 2020389, at *2 (S.D.N.Y. July 12, 2006).

Moreover, even if the court liberally construes Espinal's claim as an assertion that Patton's performance was deficient because Patton did not even consult him about the possibility of filing an appeal, nothing in the record suggests that Espinal would have wanted to file an appeal. See Campusano, 442 F.3d at 773, n.3.  Indeed, Espinal chose to plead guilty and received a favorable sentence as a result.  Thus, he has not demonstrated that Patton's performance was deficient for failing to consult with him about an appeal.  See Scott v. United States, No. 07 Civ. 4039, 2011 WL 115087, at *5 (E.D.N.Y. Jan. 13, 2011).

II.    § 3582 Motion

Espinal moves pursuant to 18 U.S.C. § 3582 for a sentence reduction based on recent amendments to the crack cocaine sentencing guidelines.  § 3582(c)(2) provides that:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  After Espinal's guilty plea, the U.S. Sentencing Commission amended the application notes to § 2D1.1 of the sentencing guidelines, which relates to "polydrug cases" involving crack cocaine.  In particular, the Commission provided for a two-level reduction in cases that involve crack cocaine and one or more controlled substances.  See

- 11 -

U.S.S.G. § 2D1.1, app. 10(D).  Nevertheless, the Second Circuit has stated that this two-level reduction for crack cocaine offenses does not apply when a defendant has been sentenced to a statutory mandatory minimum.  United States v. Torres, 391 Fed. Appx. 903, 904-05 (2d Cir. 2010).

Espinal pleaded guilty to Count 1 of the narcotics information which subjected him to a statutory mandatory minimum sentence of 60 months' imprisonment, which the court imposed.  Thus, the court has no discretion to impose a sentence below this term.  See Torres, 391 Fed. Appx. at 904-05.  As a result, Espinal is not entitled to relief under § 3582.

**Conclusion**

For the foregoing reasons, the court denies Espinal's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The court also denies his motion to reduce his sentence pursuant to 18 U.S.C. § 3582.

As Rojas has not made a substantial showing of the denial of a constitutional right, a Certificate of Appealability will not issue.  See 28 U.S.C. § 2253(c).  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this decision would not be taken in good faith.

Dated: New York, New York
October 28, 2011

Thomas P. Griesa
U.S.D.J.